UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| BALFOUR BEATTY INFRASTRUCTURE, INC. | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 1:18-cv-1406 (TSE/IDD) |
| PRECISON CONSTR. AND MGMT. GROUP, LLC d/b/a PRECISION ELEC. & INSTRUMENTATION | ) ) ) ) ) ) | |
| Defendant. | ) ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on the Motion for Default Judgment from Balfour Beatty Infrastructure, Inc. ("Plaintiff") against Precision Construction and Management Group, LLC, doing business as Precision Electrical & Instrumentation ("Defendant"), pursuant to Federal Rule of Civil Procedure 55(b)(2). Plf. Mot. to Enter Default J., ECF No. 12. After the Defendant or a licensed attorney for the Defendant failed to appear at the hearing on February 8, 2019, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment, and the memorandum thereto, the undersigned Magistrate Judge makes the following findings and recommends that default judgment be entered against Defendant.

### I. INTRODUCTION

On November 13, 2018, Plaintiff filed this action under 28 U.S.C. § 1332(a)(1) for breach of a subcontract and conversion. Compl. ¶¶ 3, 33, 41. The Complaint alleges that Defendant breached a subcontract by failing to provide sufficient manpower to the project,

1

delaying the project schedule, performing defective work, causing schedule delays resulting in the assessment of liquidated damages deducted from Plaintiff's payments from the Owner,[1] and for non-payment to its suppliers and vendors. Compl. ¶ 33. The Complaint also alleges conversion whereupon Defendant wrongfully exercised dominion and control of materials and equipment belonging to Plaintiff by unlawfully entering the project site, breaking the locks on the trailers, and removing Plaintiff's materials and equipment from the project site. Compl. ¶ 41.

After Defendant failed to respond to Plaintiff's Complaint or appear at any proceedings in this matter, Plaintiff moved for default judgment against Defendant and seeks damages in the amount of $930,000.00[2] for its breach of contract claim, $60,000.00 for its conversion claim, plus attorney's fees and costs and interest at the legal rate until the judgement is fully paid. Compl. ¶¶ 34, 42. The undersigned Magistrate Judge took the matter under advisement to issue this Report and Recommendation.

### A. Jurisdiction and Venue

For a court to render default judgment over a party, it must have subject matter and personal jurisdiction over the party and be the appropriate venue for the action. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of pre-judgment interest, attorney's fees and costs, and the matter in controversy is between citizens of different states. Compl. ¶¶ 3, 34, 42. The Complaint alleges damages in the amount of $990,000.00 total ($930,000.00 for Plaintiff's breach of contract claim and $60,000.00 for Plaintiff's conversion claim). Compl. ¶¶ 34, 42.

---

[1] According to the Subcontract Agreement, the Owner is Loudoun Water.
[2] Plaintiff's Motion for Default Judgment request damages in the amount of $938,322.23. Mem. of Law in Supp. of Mot. for Default J. 16, ECF No. 13 [hereinafter "Mem."]. However, the Court can only award the amount sought in the Complaint. *See* Fed. R. Civ. P. 54(c); *Sheet Metal Workers' Nat'l Pension Fund v. Frank Torrone & Sons, Inc.*, 2005 U.S. Dist. LEXIS 12249, at *22 (E.D. Va. June 1, 2005) (stating that ". . . the U.S. Court of Appeals for the Fourth Circuit has held that in default cases, there can be no recovery over the amount pled in the complaint, and that the complaint must pray for a specific monetary amount.").

Thus, the amount in controversy requirement is met.

Regarding citizenship, Plaintiff is a corporation duly organized and existing under the laws of the State of Delaware with its principal business in Atlanta, Georgia. Compl. ¶ 1. Defendant is a Virginia limited liability company whose sole member is Kevin Wade Johnson, a resident of Virginia. Compl. ¶ 2; *see Gen. Tech. Applications, Inc. v. Extro LTDA*, 388 F.3d 114, 120 (4th Cir. 2004) (stating that limited liability companies are citizens of every state in which their members reside). Therefore, the parties are completely diverse. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(1)-(2) because the events and actions giving rise to the claims asserted occurred in this judicial district. Compl. ¶ 4.

The Complaint does not specifically allege whether this Court has personal jurisdiction over Defendant. However, the Court can infer from the facts regarding diversity jurisdiction that it has personal jurisdiction over Defendant. *See* Compl. ¶ 2. Defendant is a Virginia limited liability company and its sole member is a resident of Virginia; therefore, this Court may exercise personal jurisdiction over Defendant.

### B. Service of Process

In serving process to a business entity such as a limited liability corporation, a plaintiff may effectuate service by delivering a copy of the summons and a copy of the complaint to an officer or managing agent of the business entity. *See* Fed. R. Civ. P. 4 (h)(1)(B). Service may also be made on a limited liability corporation in accordance with state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. Fed. R. Civ. P. 4 (e)(1), (h)(1)(B). Under VA. CODE ANN. § 8.01-299(3), substitute service may be on the registered agent of a limited liability company pursuant to § 801.296 if the address of the limited liability company is a single-family residential dwelling.

3

According to the proof of service, the process server attempted to serve Defendant on three different occasions: November 20, 24, and 28, 2018, at XXX Cameron Road, Forest, Virginia 24551 ("Address"), which is a single-residential dwelling and Mr. Johnson's address. Proof of Serv., ECF No. 6; Mem. 12, ECF No. 13. Each time, service was not completed. Proof of Serv., ECF No. 6. Then, following Virginia law as authorized by Fed. R. Civ. P. 4 (e)(1), (h)(1)(B), on December 5, 2018, substitute service was attempted by posting a copy of the summons and complaint to the Address and mailing a copy to Mr. Johnson at the Address on December 4, 2018, pursuant to VA. CODE ANN. § 801-296. Proof of Serv., ECF No. 6. As the address of the limited liability company is the Address, a single-residential dwelling, the Court finds that service was proper under VA. CODE ANN. § 8.01-296.

### C. Grounds for Default

Plaintiff filed its Complaint on November 13, 2018. Compl., ECF No. 1. Defendant failed to file an answer or any responsive pleading in this matter. On January 15, 2019, the Clerk entered default against Defendant upon Plaintiff's Request for Entry of Default. ECF Nos. 8-9. On January 25, 2018, Plaintiff filed a Motion for Default Judgment, and the Court held a hearing on the matter on February 8, 2019. Plf. Mot. for Default J., ECF No. 13; Mot. for Default J. Hr'g, ECF No. 18. After Defendant failed to appear at the hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II. FACTUAL FINDINGS

On July 14, 2016, Plaintiff and Defendant entered into a firm lump sum subcontract agreement ("Subcontract") in the amount of $1,266.171.00. Compl. ¶ 5. Under the Subcontract, Defendant agreed to perform the electrical work for the Broad Run WRF Biosolids Project for Loudoun Water ("Project"). *Id.* The terms of the Subcontract provide that Defendant is liable to

4

Plaintiff for all damages and liability associated with its default, including attorney's fees incurred by Plaintiff in enforcing the Subcontract, making payments to Defendant's suppliers and vendors, and damages incurred as a result of Defendant's delay to the Project schedule, including an assessment of liquidated damages. Compl. ¶¶ 6-9, 32. The Subcontract further provides that a material breach entitling Plaintiff to terminate the Subcontract includes Defendant's failure to perform in strict accordance with the Subcontract, including the failure to supply enough skilled workers, materials, or maintain the schedule of work to Plaintiff's satisfaction. Compl. ¶ 10. The Subcontract permits Plaintiff to withhold progress payments and/or final payments to Defendant to fully protect and insure itself against any liability or damage relating to the Subcontract, Defendant's acts or omissions, or Defendant's breach or threatened breach of the agreement. Compl. ¶ 11. The Subcontract also includes a time of the essence provision. Compl. ¶ 6.

The Project began in July 2016 with a projected substantial completion date of July 4 or July 5, 2018, and a final completion sixty (60) days thereafter. Compl. ¶ 12. Shortly after commencement, Defendant failed to supply sufficient properly skilled workers and materials to maintain the Project schedule. Compl. ¶ 14.

On December 22, 2017, Plaintiff sent a notice letter to Defendant identifying Defendant's difficulties of supplying sufficient manpower to maintain the Project schedule, advising of adverse impacts to the schedule from Defendant's failure to do so, and indicating that Plaintiff would mitigate the impact caused by Defendant's failure to perform in accordance with the Subcontract. Compl. ¶ 15. Defendant failed to improve its performance in response to this letter. Compl. ¶ 16.

On January 30, 2018, after consulting with Defendant about its failure to overcome the

5

schedule delays, the Parties agreed that Plaintiff would contract directly with another electrical company to supplement the workforce performing Defendant's scope of work. Compl. ¶ 17. Defendant acknowledged and executed the back charge notice and delay its performance was causing the Project, and agreed that the costs of supplementation would be deducted from Defendant's remaining contract balance. Compl. ¶ 17.

On January 31, 2018, and April 31, 2018, Plaintiff sent notices to Defendant advising that its continuing performance deficiencies risked the assessment of liquidated damages against Plaintiff from the Owner for which Defendant would be responsible. Compl. ¶ 18. On March 7, 2018, the Owner began deducting liquidated damages from Plaintiff's Application for Payment in the amount of $3,680 per day as a result of missing a Project deadline. Compl. ¶ 19.

Plaintiff then contracted with MMR Constructors ("MMR") to supplement Defendant with additional electrical laborers on May 8, 2018. Compl. ¶ 21. Even with this additional support, Defendant continued to miss schedule deadlines. Compl. ¶ 22. After a Notice of Intent to Terminate the Subcontract for Default was sent to Defendant and Defendant failed to cure its default, Plaintiff terminated the Subcontract for default on July 20, 2018, and completed Defendant's scope of work. Compl. ¶ 24. During the completion of Defendant's scope of work, Plaintiff discovered that some of Defendant's work was defective and required Plaintiff to direct MMR to correct the defective work thereby increasing its re-procurement costs. Compl. ¶ 28.

During the contract performance period, Plaintiff received notifications from several of Defendant's vendors and suppliers that they were not being paid by Defendant for the labor and materials they supplied to the Project. Compl. ¶ 25. Some of these vendors and suppliers were paid via joint checks from available subcontract funds. Compl. ¶ 25.

As a result of Defendant's default, Plaintiff incurred costs for completing and correcting

6

Defendant's scope of work, paying Defendant's vendors and suppliers, and liquidated damages assessed by the Owner in excess of Defendant's remaining contract balance on the Project. Compl. ¶ 29.

### III. EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). A defendant in default concedes the factual allegations of the complaint. *See, e.g., DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322, n.2 (4th Cir. 2008); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the Court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience,

7

and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### A.     Breach of Contract

Plaintiff seeks to recover on a breach of contract claim. Under Virginia law, in pleading an action for a breach of contract, the plaintiff must demonstrate: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of the obligation; and (3) an injury or harm to the plaintiff caused by the defendant's breach." *Va. Elec. & Power Co. v. Bransen Energy, Inc.* 850 F.3d 645, 655 (4th Cir. 2017) (citing to *Navar, Inc. v. Fed. Bus. Council*, 291 Va. 338 (2016)). A plaintiff must prove these damages with reasonable certainty; contingent, speculative, and uncertain damages are not recoverable. *Sunrise Continuing Care, LLC v. Wright*, 277 Va. 148, 154 (2009).

Here, Plaintiff alleged sufficient facts to demonstrate that it entered into a legally enforceable obligation with Defendant. Plaintiff and Defendant entered into the Subcontract on July 14, 2016. Compl. ¶ 5; Subcontract Agreement, ECF No. 13-1 [hereinafter "Agreement"]. The contractual obligations under the Subcontract provide that Defendant supply enough properly skilled workers, proper materials, and maintain the schedule of work to the Contractor's satisfaction. Compl. 7; Agreement ECF No. 13-1. According to the Subcontract, failure to follow this provision would be considered a material breach. Compl. ¶ 10; Agreement ECF No. 13-1. Defendant materially breached the Subcontract by failing to provide sufficient manpower to the Project, delaying the Project schedule, performing defective work, causing schedule delays resulting in the assessment of liquidated damages deducted from Plaintiff's payments from the Owner, and the non-payment to its suppliers and vendors. Compl. ¶ 33. This material breach of the Subcontract caused Plaintiff damages in the amount of $930,000.00. Compl. ¶ 34. These

8

damages are not speculative and can be proven with reasonable certainty. Therefore, the undersigned finds that Plaintiff has properly established a breach of contract claim against Defendant and recommends that Plaintiff's Motion for Default Judgment be granted as to the breach of contract claim.

### B. Conversion

Plaintiff also alleges that Defendant wrongfully converted Plaintiff's equipment and materials on the job site trailers after Defendant defaulted. Compl. ¶¶ 39-40. Under Virginia law, "[a] person is liable for conversion for the wrongful exercise or assumption of authority over another's goods, depriving the owner of their possession, or any act of dominion wrongfully exerted over property in denial of, or inconsistent with, the owner's rights." *Simmons v. Miller*, 261 Va. 561, 582 (2001). Therefore, to plead a claim for conversion, a plaintiff must allege "(i) the ownership or right to possession of the property at the time of the conversion and (ii) the wrongful exercise of dominion or control by defendant over the plaintiff's property, thus depriving plaintiff of possession." *Airlines Reporting Corp. v. Pishvaian*, 155 F.Supp. 2d 659, 644 (E.D. Va. 2001) (citing *Universal C.I.T. Credit Corp. v. Kaplan*, 198 Va. 67 (1956)).

Plaintiff became the legal owner of the equipment and materials on the job site after Defendant defaulted, pursuant to the Subcontract. Compl. ¶ 37; Agreement ECF No. 13-1. It demonstrated that it had ownership of the equipment and materials by placing locks on the job trailers. Mem. ECF No. 13. Therefore, the undersigned finds that Plaintiff has satisfied the ownership/right to possession element of a conversion claim.

To satisfy the second element, Plaintiff must allege "the wrongful exercise of dominion or control by defendant over the plaintiff's property, thus depriving plaintiff of possession." *Pishvaian*, 155 F.Supp. 2d at 644. Defendant wrongfully exercised control over the equipment and materials by trespassing on the project site, breaking the locks that Plaintiff placed on the

9

trailers, and removing the equipment and materials from the job site. Compl. ¶ 41. Therefore, the undersigned also finds that Plaintiff satisfied the second element of conversion.

## IV.   REQUESTED RELIEF

In a default case, the plaintiff's factual allegations are accepted as true for all purposes except in determining damages. To support a claim for damages, a plaintiff must provide an appropriate basis for the Court to determine whether it is entitled to the relief sought. A default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). Furthermore, in default cases in this district, "there can be no recovery over the amount pled in the complaint." *Frank Torrone & Sons, Inc.*, 2005 U.S. Dist. LEXIS 12249 at *22; *see also Cumberlander v. KCL Site Servs., LLC*, No. 08-994, 2009 WL 4927144, at *9 (E.D. Va. Dec. 17, 2009). However, "[t]he exact amounts for interest, costs, and attorney's fees need not be pled specifically in the complaint." *Frank Torrone & Sons, Inc.*, 2005 U.S. Dist. LEXIS 12249 at *26.

### A.   Damages

In its Complaint, Plaintiff requests damages in the amount of $930,000.00 for its breach of contract claim and $60,000 for its conversion claim, exclusive of interest, attorney's fees, and costs. Compl. ¶¶ 34, 42. The base amount of the Subcontract is $1,266,171.00. Affidavit of Denis Moffett, ECF No. 15, ¶ 24. The value of the Subcontract was then adjusted to $1,338,157.92. *Id.* After the Subcontract was terminated, Plaintiff incurred costs for completing and correcting Defendant's scope of work and paying Defendant's vendors and suppliers, which totals $938,322.23. Mem., ECF No. 13. As the Court can only award the amount of damages prayed for in the Complaint, the undersigned, therefore, finds that there is an appropriate basis to award Plaintiff damages in the amount of $930,000.00 for its breach of contract claim.

Regarding Plaintiff's conversion claim, Denis Moffett's Affidavit, a project manager for Plaintiff, states that Plaintiff incurred damages in the amount of $60,000 for materials and equipment removed from the Project site. *Id.* ¶ 26. Such materials include benders, shoes, dies, gang boxes, ladders, various hand tools, power cords, and expendables. *Id.* As the value of these items has not been challenged, and Defendant wrongfully exercised authority over these items, the undersigned finds an appropriate basis to award Plaintiff damages in the amount of $60,000 for its conversion claim.

### B.     Attorney's Fees and Costs

The Subcontract provides that attorney's fees are recoverable in the event of litigation between the Contractor and the Subcontractor. Agreement, ECF No. 13-1. Plaintiff requests $20,342.50 in attorney's fees and $838.46 in costs, totaling $21,180.96. Mem., ECF No. 13. In support of its request, Plaintiff submitted the Affidavit of Shannon J. Briglia, Plaintiff's counsel. Affidavit of Shannon J. Briglia, Esq., ECF No. 13-11. According to the affidavit, the fees are comprised of work between Shannon J. Briglia at $400 per hour, Raziye Andican at $275 per hour, and Leah Rosenberg at $145 per hour. *Id.* An hourly breakdown of the fees and costs associated with this matter are detailed in the billing records attached to Affidavit of Shannon J. Briglia. ECF No. 15-6. Upon review of the Affidavit and billing records, the undersigned recommends a finding that the $21,180.96 in attorney's fees and costs is reasonable and should be awarded.

### C.     Interest

Plaintiff seeks interest at the legal rate of six percent (6%) from January 15, 2019. Mem. ECF No. 13. Plaintiff has neither specified whether it seeks pre-judgment or post-judgment interest, nor, stated a specific amount of interest it seeks; therefore, the undersigned cannot

recommend that Plaintiff be awarded pre-judgment interest. *See Tattoo Art, Inc. v. Tat Int'l, LLC*, 2012 U.S. Dist. LEXIS 127775, at *102 (E.D. Va. Sept. 7, 2012) (holding that the decision whether to award pre-judgment interest is within the Court's discretion). However, Plaintiff is entitled to post-judgment interest at the legal rate until the judgment is paid in full. In diversity cases, awards of post judgment interest are governed by federal law. *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir. 1999) (citing *Forest Sales Corp. v. Bedingfield*, 881 F.2d 111, 113 (4th Cir. 1989)). The applicable federal statute provides, in relevant part, that:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

28 U.S.C. § 1961(a). As a matter of law, Plaintiff is entitled to an award of post-judgment interest, and, therefore, the undersigned recommends such an award pursuant to 28 U.S.C. § 1961(a).

## V. **RECOMMENDATION**

The undersigned Magistrate Judge finds that the submitted pleadings and affidavits establish that Plaintiff is entitled to a default judgment against Defendant. Therefore, the undersigned recommends that Plaintiff's Motion for Default Judgment be **GRANTED in part and DENIED in part**. The undersigned recommends entry of default judgment in favor of Plaintiff against Defendant in the amount of $930,000.00 for its breach of contract claim, $60,000 for its conversion claim, $21,180.96 for attorney's fees and costs, and post-judgment interest at the legal rate. Entry of default judgment in the amount of $938,322.23 is denied.

## VI. NOTICE

By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Defendant at the following address:

Precision Construction and Management Group LLC
d/b/a Precision Electrical & Instrumentation
303 Cameron Road
Forest, VA 24551

                                                           /s/
                                       Ivan D. Davis
                                       United States Magistrate Judge

May 6, 2019
Alexandria, Virginia